UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CLIFTON BROWNING AND CLAUDIA BROWNING § § | |
| VS. § § § § § | C.A. _____ |
| ERIE INSURANCE EXCHANGE and HALLMARK SPECIALTY INSURANCE COMPANY, BILLY COSTELLO dba COSTELLO PAINTING, and DANIEL GEORGIANNI dba P.W.T. ENGINEERING § § § § § § § | |

## COMPLAINT SEEKING DECLARATORY AND OTHER RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLIFTON BROWNING AND CLAUDIA BROWNING, Plaintiffs, complaining of ERIE INSURANCE EXCHANGE and HALLMARK SPECIALTY INSURANCE COMPANY, seeking declaratory and other relief, and in support thereof, would show the Court as follows:

**Parties**

1. Plaintiffs, CLIFTON BROWNING AND CLAUDIA BROWNING ("BROWNINGS") own a vessel which is drydocked in this District. For purposes of diversity jurisdiction, BROWNINGS are citizen of the State of Oklahoma.

2. Defendant, ERIE INSURANCE EXCHANGE ("EIE") is a insurance company doing business in the State of Texas which may be served by serving it at 100 Erie Insurance Place, ERIE PA 16530. A waiver of service is being sought under Federal Rule 4. For purposes of diversity

jurisdiction, EIE is a citizen of the State of Pennsylvania.

3. Defendant HALLMARK SPECIALTY INSURANCE COMPANY ("HALLMARK SPECIALTY") is an insurance business admitted to write insurance in the State of Texas. Defendant may be served by serving it at: 201 Robert S Kerr Avenue Suite 600, Oklahoma City OK 73102. For purposes of diversity jurisdiction, HALLMARK SPECIALTY has its principal place of business and is a resident of Oklahoma. Plaintiffs will seek a waiver of summons under Fed. R. Civ. P. 4.

4. DANIEL GEORGIANNI dba P.W.T. ENGINEERING is an individual residing in and doing business in this District and may be served by serving him at P.W.T. ENGINEERING, 4011 F.M. 2004, LaMarque, TX 77568.

5. BILLY COSTELLO dba COSTELLO PAINTING is an individual doing business in this District who may be served by serving him at the address registered for his Texas driver's license: 7100 Regency Square, Suite 220, Houston, TX 77036 or wherever else he may be located.

### Jurisdiction, Venue and Applicable Law to be Applied

6. Venue properly lies in this Court because all of the acts giving rise to this litigation took place in this district. Specifically, all the damages to the BROWNINGS' vessel took place in this District and in this Division. Accordingly, venue is proper pursuant to 28 U.S.C. § 124.

7. Jurisdiction is proper in this Court because of diversity of citizenship. The parties to this cause of action are diverse as that term is understood under 28 U.S.C. § 1332. In addition, the amount in controversy, exclusive of attorney's fees and costs, exceeds $75,000.

The court has subject matter jurisdiction because the matter involves property damage to a vessel under the general Maritime law of the United States.

8. The law of the State of Texas applies to the interpretation and enforcement of the insurance policies herein, and to the certificates of insurance issued by EIE/HALLMARK SPECIALTY to the BROWNINGS. The law of the State of Texas applies to the original issuance of the policies of insurance, the notice to EIE/HALLMARK SPECIALTY by BROWNINGS of their claims against the insureds, and the damages inflicted by the insureds on the vessel.

### Background

9. On or about Nov. 5, 2016, the BROWNINGS hired DANIEL GEORGIANNI dba P.W.T. ENGINEERING to do work aboard a vessel temporarily at Payco Marina, in Galveston Texas. Subsequently, they hired BILLY COSTELLO dba COSTELLO PAINTING, to do work aboard the vessel. During the tenure of these workers, the incidents took place in November through January 2017, dates that fell within the effective date of the Policies.

10. At all times pertinent hereto, Payco Marina and BROWNINGS agreed to accept the insurance provided by DANIEL GEORGIANNI dba P.W.T. ENGINEERING (Policy No. G42410824-00) and BILLY COSTELLO dba COSTELLO PAINTING (Policy No. Q29-1421421), as a condition precedent to work on the vessel proceeding. Both contractors provided indicia of coverage with EIE/HALLMARK SPECIALTY respectively (GEORGIANNI with HALLMARK and COSTELLO with EIE).

11. Under the terms of the Drydock of the BROWNINGS' vessel at Payco Marina, each contractor was required to carry and maintain insurance coverage on behalf of themselves and to benefit the Plaintiffs in the instance of an occurrence under the Policies, as a condition precedent to BROWNINGS' repairs for which they hired the contractors.

12. More specifically, contractors were required to carry commercial general liability insurance on an claims made and/or occurrence form basis with a limit of not less than $1,000,000 per occurrence.

13. Following the damages to the vessel, which arose out of the contractors' work, and damaged other parts of the vessel than that which the contractors were working, and again following the retention of counsel, BROWNINGS requested indemnification from the insurance carriers. BROWNINGS notified EIE and HALLMARK SPECIALTY of the pendency of the claims and requested performance.

14. EIE and HALLMARK SPECIALTY have denied coverage of their insureds acts and/or omissions in writing.

15. BROWNINGS now bring this cause of action against EIE and HALLMARK SPECIALTY seeking declaratory and other relief, as more specifically outlined below. BROWNINGS also bring this action against DANIEL GEORGIANNI dba P.W.T. ENGINEERING and BILLY COSTELLO dba COSTELLO PAINTING for negligence causing property damage.

### Declaratory Relief

16. Pursuant to the terms of the oral contracts between BROWNINGS, and DANIEL GEORGIANNI dba P.W.T. ENGINEERING and BILLY COSTELLO dba COSTELLO PAINTING, BROWNINGS vessel was to have been covered by the policies issued by EIE and HALLMARK SPECIALTY for work on the vessel.

17. In fact, the Policies covered "occurrences" as defined in the Policies, representing the coverage of BROWNINGS if an occurrence involving DANIEL GEORGIANNI dba P.W.T. ENGINEERING and/or BILLY COSTELLO dba COSTELLO PAINTING happened.

18.     Accordingly, under the language and endorsements contained in the Policies, DANIEL GEORGIANNI dba P.W.T. ENGINEERING and/or BILLY COSTELLO dba COSTELLO PAINTING qualify as insureds, entitled to all the benefits that an insured should have under the Policy, with exclusions that do not apply to the facts and circumstance of their work on the vessel owned by Plaintiffs.

### Declaration of Coverage Sought

19.     Because the damages alleged by Plaintiffs in herein arise out of the operations of the insured contractors, and occurred during a period of active coverage under the Policies, the terms and conditions of each of the Policies cover the damages to the vessel sought herein.

20.     In the alternative, the terms and conditions contained in each of the policy provisions and endorsements, collectively or separately, create an ambiguity with regard to the application of the damages to structures aboard the vessel other than that on which the contractors were working, such ambiguity must be construed in favor of coverage.  As a result, EIE and HALLMARK SPECIALTY have a duty to provide indemnity to BROWNINGS due to the acts and omissions of their insureds under the Policies.

### Breach of Contract

21.     BROWNINGS would show that EIE/HALLMARK SPECIALTY have breached the contract of insurance, of which they are third party beneficiaries, by failing to provide defense and indemnity under the contracts of insurance issued by EIE/HALLMARK SPECIALTY.

22.     As a result of the breach of contract, BROWNINGS have had to retain counsel to prosecute the instant matter.

23. As a further result of the breach of contract, BROWNINGS are entitled to recover damages, including but not limited to the following:

   1. Property damage to the vessel;

   2. Attorney's fees incurred in notifiying EIE/HALLMARK SPECIALTY of its obligations and securing declaratory relief from this Court; and

   3. Attorney's fees incurred as a result of the breach of contract of EIE/HALLMARK SPECIALTY under Chapter 38 of the Texas Civil Practice & Remedies Code.

## Negligence

24. Furthermore, DANIEL GEORGIANNI dba P.W.T. ENGINEERING and BILLY COSTELLO dba COSTELLO PAINTING were working on the vessel from Nov. 5, 2016 through January 2017. The actions of DANIEL GEORGIANNI dba P.W.T. ENGINEERING and BILLY COSTELLO dba COSTELLO PAINTING, which fell below the standard of care for contractors in the same or similar situation as DANIEL GEORGIANNI dba P.W.T. ENGINEERING and BILLY COSTELLO dba COSTELLO PAINTING, proximately caused property damage to BROWNINGS.

## Prayer

25. After consideration of this matter, BROWNINGS prays that final judgment be rendered for BROWNINGS as follows:

   a. Judgment (including the declaration) against EIE/HALLMARK SPECIALTY for actual damages in an amount to be determined by the jury or $260,021.98 ;

   b. Pre-judgment interest as provided by law;

   c. Post-judgment interest as provided by law;

   d. Attorney's fees;

   e. Costs of suit; and

All other relief, general or special, at law or in equity, to which BROWNINGS shows themselves entitled to receive.

         Respectfully submitted,
         CALDWELL FLETCHER, P.C.

        By: */s/ Caldwell Fletcher*
         CALDWELL FLETCHER
         Fed. ID No. 9654
         TBN: 07141710
         3401 Allen Parkway, Suite 100
         Houston, TX   77019
         Telephone: 713/284-1624
         Telefax: 713/583-9883
         caldwell@caldwellfletcherpc.com

         Attorneys for CLIFTON BROWNING AND CLAUDIA BROWNING