UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CLIFTON BROWNING AND CLAUDIA BROWNING § § VS. § § § C.A. 3:17-CV-50 § HALLMARK SPECIALTY § INSURANCE COMPANY | |

# FIRST AMENDED COMPLAINT SEEKING DECLARATORY AND OTHER RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLIFTON BROWNING AND CLAUDIA BROWNING, Plaintiffs, complaining of ERIE INSURANCE EXCHANGE and HALLMARK SPECIALTY INSURANCE COMPANY, seeking declaratory and other relief, and in support thereof, would show the Court as follows:

**Parties**

1. Plaintiffs, CLIFTON BROWNING AND CLAUDIA BROWNING ("BROWNINGS") own a vessel which is drydocked in this District. For purposes of diversity jurisdiction, BROWNINGS are citizen of the State of Oklahoma. The Plaintiffs are the owner of a judgment against DANIEL GEORGIANNI who is HALLMARK SPECIALTY INSURANCE COMPANY's insured.

2. Defendant HALLMARK SPECIALTY INSURANCE COMPANY ("HALLMARK SPECIALTY") is an insurance business admitted to write insurance in the State of Texas. Defendant may be served by serving its attorney of record.

3. All other parties have been severed by the Court and ERIE and BILLY COSTELLO dba COSTELLO PAINTING have been dismissed. Plaintiffs continue to attempt recovery on their default judgment against DANIEL GEORGIANNI dba P.W.T. ENGINEERING (Doc. 38 ) which order is incorporated by reference in this Amended Complaint.

## Jurisdiction, Venue and Applicable Law to be Applied

4. Venue properly lies in this Court because all of the acts giving rise to this litigation took place in this district. Specifically, all the damages to the BROWNINGS' vessel took place in this District and in this Division. Accordingly, venue is proper pursuant to 28 U.S.C. § 124.

5. Jurisdiction is proper in this Court because of diversity of citizenship. The parties to this cause of action are diverse as that term is understood under 28 U.S.C. § 1332. In addition, the amount in controversy, exclusive of attorney's fees and costs, exceeds $75,000.

The court has subject matter jurisdiction because the matter involves property damage to a vessel under the general Maritime law of the United States.

6. The law of the State of Texas applies to the interpretation and enforcement of the insurance policies herein, and to the certificates of insurance issued by HALLMARK SPECIALTY to the BROWNINGS. The law of the State of Texas applies to the original issuance of the policies of insurance, the notice to /HALLMARK SPECIALTY by BROWNINGS of their claims against the insured, and the damages inflicted by the insured on the vessel.

## Background

7. On or about Nov. 5, 2016, the BROWNINGS hired DANIEL GEORGIANNI dba P.W.T. ENGINEERING to do work aboard a vessel temporarily at Payco Marina, in Galveston

Texas. During the tenure of GEORGIANNI, the incidents took place in November through January 2017, dates that fell within the effective date of the Policy.

8. At all times pertinent hereto, Payco Marina and BROWNINGS agreed to accept the insurance provided by DANIEL GEORGIANNI dba P.W.T. ENGINEERING (Policy No. G42410824-00), as a condition precedent to work on the vessel proceeding. GEORGIANNI provided a certificate of insurance naming HALLMARK SPECIALTY.

9. Under the terms of the Drydock of the BROWNINGS' vessel at Payco Marina, each contractor was required to carry and maintain insurance coverage on behalf of themselves and to benefit the Plaintiffs in the instance of an occurrence under the Policies, as a condition precedent to BROWNINGS' repairs for which they hired the contractors, including GEORGIANNI.

10. More specifically, contractors were required to carry commercial general liability insurance on an claims made and/or occurrence form basis with a limit of not less than $1,000,000 per occurrence.

11. Following the damages to the vessel, which arose out of the contractors' work, and damaged other parts of the vessel than that which the contractors were working, and again following the retention of counsel, BROWNINGS requested indemnification from the insurance carrier. BROWNINGS notified HALLMARK SPECIALTY of the pendency of the claims and requested performance.

12. HALLMARK SPECIALTY have denied coverage of its insured's acts and/or omissions in writing.

13. BROWNINGS now bring this cause of action against HALLMARK SPECIALTY seeking declaratory and other relief, as more specifically outlined below. BROWNINGS also bring

this action against HALLMARK SPECIALTY for recovery of damages and insurance proceeds as direct claimants against HALLMARK, and as judgment creditors of DANIEL GEORGIANNI.

## Declaratory Relief

14. Pursuant to the terms of the oral contracts between BROWNINGS, and DANIEL GEORGIANNI dba P.W.T. ENGINEERING , BROWNINGS' vessel was to have been covered by the policies issued by HALLMARK SPECIALTY for work on the vessel.

15. In fact, the Policies covered "occurrences" as defined in the Policies, representing the coverage of BROWNINGS if an occurrence involving DANIEL GEORGIANNI dba P.W.T. ENGINEERING happened.

16. Accordingly, under the language and endorsements contained in the HALLMARK Policy, DANIEL GEORGIANNI dba P.W.T. ENGINEERING qualify as insured, entitled to all the benefits that an insured should have under the Policy, with exclusions that do not apply to the facts and circumstance of their work on the vessel owned by Plaintiffs.

## Declaration of Coverage Sought

17. Because the damages alleged by Plaintiffs in herein arise out of the operations of an insured contractor, and occurred during a period of active coverage under the Policy, the terms and conditions of each of the Policies cover the damages to the vessel sought herein.

18. In the alternative, the terms and conditions contained in each of the policy provisions and endorsements, collectively or separately, create an ambiguity with regard to the application of the damages to structures aboard the vessel other than that on which the contractor was working, such ambiguity must be construed in favor of coverage. As a result, HALLMARK SPECIALTY

have a duty to provide indemnity to BROWNINGS due to the acts and omissions of their insureds under the Policies.

## Action as Judgment Creditors

19.     BROWNINGS would show that HALLMARK SPECIALTY insured the work of DANIEL GEORGIANNI which is made the basis of the default judgment.

20.     The BROWNINGS bring this suit to recover insurance proceeds of HALLMARK under their policy insuring Daniel Georgianni.  Plaintiffs have previously filed proof of loss with HALLMARK, which was notified timely by Plaintiffs of their claims, which were denied in writing.

21.     BROWNINGS seek $220,021.98 as judgment creditors, less GEORGINNI's deductible.

.

## Declaratory Judgment as to Negligence Not Limited to GEORGIANNI's work

22.     Furthermore, DANIEL GEORGIANNI dba P.W.T. ENGINEERING was working on the vessel from Nov. 5, 2016 through January 2017.  The actions of DANIEL GEORGIANNI dba P.W.T. ENGINEERING  fell below the standard of care for contractors in the same or similar situation as DANIEL GEORGIANNI  dba P.W.T. ENGINEERING, proximately caused property damage to BROWNINGS.  The negligence of DANIEL GEORGIANNI has been established in the default judgment described above.  Plaintiffs seek an additional declaration that his negligence, including several welding fires, proximately caused damages to other areas of the vessel upon which he was working, as opposed to only the area he was working,   as there is a genuine controversy about the nature of the damages under HALLMARK's policy, and the declaration sought will resolve the dispute.

## **Prayer**

23. After consideration of this matter, BROWNINGS pray that final judgment be rendered for BROWNINGS as follows:

    a. Judgment (including the declaration) against HALLMARK SPECIALTY for actual damages in an amount to be determined by the trier of fact or $220,521.98 ;

    b. Pre-judgment interest as provided by law;

    c. Post-judgment interest as provided by law;

    d. Attorney's fees;

    e. Costs of suit; and

All other relief, general or special, at law or in equity, to which BROWNINGS shows themselves entitled to receive.

    Respectfully submitted,
    CALDWELL FLETCHER, P.C.

    By: */s/ Caldwell Fletcher*
        CALDWELL FLETCHER
        Fed. ID No. 9654
        TBN: 07141710
        3401 Allen Parkway, Suite 100
        Houston, TX   77019
        Telephone:   713/284-1624
        Telefax:   713/583-9883
        caldwell@caldwellfletcherpc.com

    Attorneys for CLIFTON BROWNING AND
    CLAUDIA BROWNING

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of July, 2017, I served a true and correct copy of the foregoing First Amended Complaint in keeping with the Federal Rules of Civil Procedure, via the

CM/ECF Filing System and/or by depositing the same in the United States Mail, postage prepaid and properly addressed to all known counsel of record:

>William David Farmer
>TBN: 06826470
>wdfarmer@cfholaw.com
>Curney, Farmer, House & Osuna, P.C.
>411 Heimer Road
>San Antonio, TX  78232
>Telephone:  (210) 377-1990
>Facsimile:  (210) 377-1065
>For Hallmark Specialty Insurance Company

>/s/ Caldwell Fletcher
>Caldwell Fletcher